UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN ROSADO )<br>    Plaintiff, )<br> ) <br>V. )<br> )<br>J.A. CAMBECE LAW OFFICE, P.C. )<br>    Defendant )<br> ) | CIVIL ACTION NO<br><br>COMPLAINT<br><br>OCTOBER 9, 2014 |

## COMPLAINT

### Introduction

1. This is a suit brought by a consumer abused by Defendant in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### Parties

2. The Plaintiff, Kathleen Rosado, is a natural person residing in East Haven, CT.

3. The Defendant, J.A. Cambece Law Office, P.C. ("Cambece"), is a foreign corporation doing business in Connecticut and engaged in the practice of collecting debts.

### Jurisdiction and Venue

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. 1337 and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over Cambece because it engages in debt collection within Connecticut.

6.  Venue in this Court is proper, as the Plaintiff is a resident and the acts complained of occurred in this state.

## Factual Allegations

7.  During the first week of October, 2013, you placed a debt collection call to my client in connection with collection efforts of a credit card debt on behalf of CACH, LLC.

8.  During the following week, my client again spoke with your office and requested some documentation in writing concerning the identity of your office as the collector and information regarding the debt

9.  Subsequently, my client continued to receive phone calls from your office every week until December 7, 2013, when she was served with a Summons and Complaint.

10. The Plaintiff never received any written correspondence of any kind from Cambece prior to the December 7, 2013 Summons and Complaint.

11. Cambece did not provide the Defendant with a "Dunning Letter" within five (5) days of the initial communication.

12. On July 10, 2014, Cambece sent a letter to the Plaintiff, which does not contain the required "Mini-Miranda" warning.

13. The Defendant failed to provide a 30 day debt validation clause in written correspondence to the Plaintiff.

## Claims for Relief

### First Cause of Action
### Violation of the Fair Debt Collection Practices Act, 15. U.S.C. §§ 1692 et seq.

14. Paragraphs 1-13 are herein incorporated.

15. The Defendant violated 15 U.S.C. § 1692g by not providing an initial written notice a statement that the consumer has thirty (30) days to dispute the validity of the debt within five (5) days of the initial communication.

16. The Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to provide the Defendant with the mandatory thirty (30) day debt validation clause in the documents served upon her.

17. The Defendant violated 15 U.S.C. § 1692g(b) by placing collections calls to the Plaintiff after she had requested debt validation.

18. The Defendant violated 15 U.S.C.§ 1692e by not providing the mandatory "Mini-Miranda" rights in the July 10, 2014 collection letter.

19. For the Defendant's violations of the Fair Debt Collections Practices Act as described above, the Plaintiff is entitled to recover his actual statutory damages of $1,000 plus attorney's fees and costs, pursuant to 15. U.S.C. §1692k.

### Second Cause of Action
### Violation of the Connecticut Unfair Trade Practices Act, 42 C.G.S. § 42-110 et seq.

20. Paragraphs 1-19 of the First Cause of Action are herein incorporated as Paragraphs 1-19 of the Second Cause of Action as if contained herein.

21. The Defendant has committed one or more unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act § 42-110a Conn. Gen.

Stat. et seq., including, but not limited to: repeatedly violating her rights under the Fair Debt Collection Practices Act in the course of attempting to collect a debt.

22.     Plaintiff has suffered and will suffer monetary loss, stress, and damage to credit, reputation, embarrassment and inconvenience as a result of defendant's actions.

WHEREFORE, the Plaintiff seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k and C.G.S. § 42-110 et seq.; attorney's fees and costs pursuant to 15 U.S.C. § 1692k and C.G.S. § 42-110 et seq.; punitive damages pursuant to C.G.S. § 42-110 et seq.; and such other relief as this Court deems appropriate.

> THE PLAINTIFF,
> KATHLEEN ROSADO
>
> BY _/s/_
> Christopher D. Hite, ct27600
> Rosenberg & Press, LLC
> 2051 Main Street
> Stratford, CT 06615
> Tel (203)870-6700
> Fax (203)870-6701